**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YATENDER SHARMA, | No. 13-73227 |
| Petitioner, | Agency No. A201-105-816 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015 [**]

Before:      SILVERMAN, BERZON, and WATFORD, Circuit Judges.

Yatender Sharma, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum and withholding of

removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-1040 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on the inconsistencies between Sharma's declaration, testimony, and documentary evidence, as to how he was beaten, whether his father reported the attacks to the police and was subsequently beaten by the police, and whether the Bharatiya Janata Party continued to look for Sharma after his departure from India. *See id.* at 1048 (adverse credibility determination was reasonable under the REAL ID Act's totality of the circumstances standard); *see also Alvarez-Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir. 2003) (petitioner's omission of a "dramatic pivotal event" from his asylum application supported adverse credibility determination). The agency reasonably rejected Sharma's explanations for the inconsistencies. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (record did not compel conclusion that IJ's rejection of explanation was erroneous). In the absence of credible testimony, Sharma's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to review Sharma's due process claim because he failed to raise it to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (no jurisdiction over claims not presented below).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**